IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RACHEL MARY WILKINSON,

           Plaintiff,

v.                                                               Civil Action No. 5:17-CV-45

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
Social Security Administration

           Defendant.

## REPORT AND RECOMMENDATION

**I.    SUMMARY**

The Plaintiff argues that an Administrative Law Judge's (ALJ) decision denying her application for Supplemental Security Income is not supported by substantial evidence. Specifically, the Plaintiff argues that the ALJ's finding that she did not exhibit abnormal behavior patterns during the relevant period is inconsistent with both the evidence of record, and other parts of the ALJ's opinion. However, the ALJ's step three finding is supported by substantial medical evidence, and is evaluated using a different standard than findings in other portions of the analysis. Therefore, the Court recommends that the Plaintiff's [ECF No. 9] Motion for Summary Judgment be denied and the Commissioner's [ECF No. 10] Motion for Summary Judgment be granted.

**II.    PROCEDURAL HISTORY**

On April 25, 2013, the Plaintiff, Rachel Mary Wilkinson, filed a Title XVI application for Supplemental Security Income (SSI). R. 50. The Plaintiff's application alleged a disability beginning January 1, 2000. R. 50. The Plaintiff's application was denied on September 4, 2013, and again upon reconsideration on November 6, 2013. R. 50. Thereafter, the Plaintiff filed a

1

request for a hearing on November 18, 2013. R. 50. The Plaintiff, represented by Attorney Brian Bailey, appeared and testified at a hearing in Morgantown, West Virginia on May 12, 2015. R. 50. A vocational expert ("VE") also testified. R. 50. On August 10, 2015, the ALJ issued an unfavorable decision. R. 47. The Appeals Council denied Plaintiff's request for review of the ALJ's findings on February 13, 2017. R. 1.

On April 13, 2017, the Plaintiff filed a complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying her application. ECF No. 1.

**III.    THE ALJ'S FINDINGS**

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairment or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do his past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since April 25, 2013, the application date, noting that the Plaintiff had never worked. R. 52. At step two, the ALJ found that the Plaintiff had the following severe impairments: cerebral palsy, status post left foot and left knee surgeries, chiari I malformation, wrist tendinitis, degenerative disc disease of the cervical spine with two disc herniation and myelopathy, status post corrective surgery, bilateral foot deformity status post-surgery on the left, scoliosis, thoracic outlet syndrome, migraine headaches, allergic rhinitis and asthma, chronic obstructive pulmonary disease, adjustment disorder, oppositional defiant disorder, and depression. R. 52. At the third step, the ALJ found that none of the Plaintiff's impairments or any combination of her impairments met or medically equaled the severity of one of the impairments contained in the listings. R. 53. The ALJ then determined that the Plaintiff had the RFC:

> [T]o perform sedentary work, as defined in 20 CFR 416.967(a) that: requires no crouching, crawling, kneeling, balancing or climbing ladders, ropes or scaffolds and no more than occasional stooping or climbing of stairs or ramps; requires no more than frequent handling or fingering bilaterally; avoids concentrated exposure to vibration, respiratory irritants, or hazards such as dangerous moving machinery or unprotected heights; requires no work outdoors; involves no

complex tasks or instructions and work is performed in a low stress setting, defined as requiring no assembly line, no fast paced production requirements, no more than occasional changes in work routine or work setting, and little independent decision making or goal setting; involves no contact with the public and no more than occasional interaction with co-workers and supervisors; and once work is assigned, work should be able to be performed primarily without working in coordination with other employees.

R. 54. At step four, the ALJ determined that the Plaintiff had no past relevant work. R. 59. At step five, the ALJ determined that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." R. 60. Thus, the ALJ found that the Plaintiff was not disabled. R. 61.

## IV.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B.   Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision

must be upheld if it is supported by substantial evidence. *Id*. "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

**V. DISCUSSION**

The Plaintiff argues that substantial evidence does not support the ALJ's decision. Specifically, the Plaintiff argues that the ALJ's finding at step three of the sequential process that Plaintiff did not meet or medically equal listing 11.07B was erroneous and inconsistent with other findings made by the ALJ. The Court is not persuaded by this argument.

**A. The Standard Used in Step Three is Higher Than That Used In Step Two**

The ALJ found in step three of her analysis that the Plaintiff's cerebral palsy did not meet listing 11.07 "because she does not have an IQ of 70 or less; abnormal behavior patterns; or

significant interference in communication due to speech, hearing, or visual defect; or disorganization of motor function."  The Plaintiff says this is inconsistent with the ALJ's findings in step two, where she concluded that Plaintiff has severe impairments including adjustment disorder and oppositional defiant disorder.  The Plaintiff argues that since abnormal behavior is consistent with these conditions, the ALJ cannot justify at step two finding that the Plaintiff has the conditions, but then finding at step three that Plaintiff does not meet listing 11.07 because she does not exhibit abnormal behavior patterns.

The bar for finding an impairment to be severe at step two is different from the bar for finding a claimant meets a listing under step three.  "[T]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims."  *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir.1996) (citing *Bowen v. Yuckert,* 482 U.S. 137, 153–54, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987)); *see also Felton–Miller v. Astrue,* 459 F. App'x 226, 230 (4th Cir.2011) ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement."). Accordingly, a finding that an impairment is severe at step two does not necessarily result in a finding of disability.  Therefore, an ALJ can be over inclusive at this step in order to give claimants the benefit of the doubt.  Furthermore, classifying conditions as either severe or not severe at step two is not reversible error as long as the ALJ considered the combined effect of all the Plaintiff's impairments during later steps of the process.  *Mauzy v. Astrue*, 2010 WL 13699107 (N.D.W.Va. Mar. 30, 2010).

Alternatively, the bar for a finding that a listing is met, resulting in disability, is demanding and stringent.  *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994).  Additionally, the "mere fact" that an ALJ makes a determination at step two that a claimant's condition is severe, does not guarantee it will follow that the same condition meets a listed impairment at step three.

*Fletcher v. Colvin*, 2016 WL 915196 at *5 (M.D.N.C. Mar. 4, 2016). Therefore, the Plaintiff's argument that because certain impairments were found at step two to be severe, the ALJ could not then say at step three that Plaintiff failed to meet a listing if the listing had the same requirement as a severe impairment at step two is not persuasive.

**B.     Substantial Evidence Supported the ALJ's Finding**

The Plaintiff argues the ALJ's finding that Plaintiff did not meet or medically equal listing 11.07 because she did not have abnormal behavior patterns is not supported by substantial evidence. The Plaintiff posits that the ALJ nitpicked and relied on "one treatment note", which Plaintiff contends is "selective citation, forbidden by this Court." ECF No. 9-1 at 10.

"Assessing the probative value of competing evidence is quintessentially the role of the fact finder. [The Court] cannot undertake it in the first instance." *Meyer v. Astrue*, 662 F. 3d 700, 707 (4th Cir. 2011). A reviewing court must uphold the factual findings of an ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g) Thus, the sole issue on appeal is whether there is substantial evidence to support the Commissioner's decision.

The ALJ discusses each piece of evidence on the record, including how much weight is given to each, and why. For example, he notes that Rodney McCullough, M.A., evaluated the Defendant, but the ALJ afforded little weight to him. R. 58-59. The ALJ goes on to reason that this is because Mr. McCullough is not a psychiatrist or medical doctor, no other examining source made findings as severe, and the findings are not supported by other evidence on the record. *Id*. Furthermore, although the Plaintiff had displays which could be construed as constituting abnormal behavior, the ALJ would have had to find the behavior to had lasted, or was expected to last, for a continuous twelve month period. 20 U.S.C. § 416.909.

Among the evidence supporting the ALJ's finding that Plaintiff did not have abnormal behavior patterns are an assessment completed on June 19, 2012 by Morgan D. Morgan, M.A., during which the Plaintiff's mother reported that she is typically cheerful, and Mr. Morgan described her as "relaxed and sociable". R. 374. Although Mr. Morgan found her overall social functioning to be moderately deficient, nothing in the assessment was evidence of abnormal behavior patterns. R. 375. Also, upon being seen during March of 2014 at United Summit after presenting with depression, anxiety, and agitation, findings were that she should be treated with low end medication and only be reassessed annually. Additionally, state agency phycologists who examined Plaintiff's medical records in 2013 concluded that the Plaintiff did not suffer from any marked limitations with respect to functioning. The state agency phycologists found Plaintiff had a moderate difficulty in maintaining social functioning, and found that the evidence did not establish that Plaintiff suffered from affective disorder. R. 127. Lastly, the state agency phycologists found that the Plaintiff's statements about her symptoms were not substantiated by objective medical evidence. R. 128. Accordingly, the ALJ's decision was supported by substantial evidence and should not be disturbed.

**VI.   RECOMMENDATION**

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF Nos. 9] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 10] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the

Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 11, 2018                                    */s/ James E. Seibert*
                                                        JAMES E. SEIBERT
                                                        U.S. MAGISTRATE JUDGE