IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RACHEL MARY WILKINSON,

    Plaintiff,

v.                                              Civil Action No. 5:17CV45
                                                                (STAMP)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.  Procedural History

The plaintiff, Rachel Mary Wilkinson, filed an application for supplemental security income in which she alleged a disability beginning January 1, 2000. The Administrative Law Judge ("ALJ") issued an unfavorable decision to the plaintiff, concluding that the plaintiff was not disabled within the meaning of the Social Security Act. The plaintiff then filed an appeal of the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review and the decision became the final decision of the Commissioner of Social Security.

To evaluate the plaintiff's case, the ALJ used the five-step sequential evaluation process for evaluating disability of adults as set forth in 20 C.F.R. § 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff has not engaged in

substantial gainful activity during the period at issue, and the ALJ further noted that the plaintiff has never worked; (2) the plaintiff has the following impairments which, in combination, are "severe:" "cerebral palsy, status post left foot and left knee surgeries, chiari I malformation, wrist tendinitis, degenerative disc disease of the cervical spine with two disc herniation and myelopathy, status post corrective surgery, bilateral foot deformity, status post surgery on the left, scoliosis, thoracic outlet syndrome, migraine headaches, allergic rhinitis and asthma, chronic obstructive pulmonary disease, adjustment disorder, oppositional defiant disorder, and depression;" (3) none of the plaintiff's impairments, whether considered individually or in combination, met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff has "the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 416.967(a);" and (5) the plaintiff is capable of performing jobs that exist in significant numbers in the national economy. ECF No. 7-2 at 53-61. Therefore, the ALJ found that the plaintiff "is not disabled under section 1614(a)(3)(A) of the Social Security Act." ECF No. 7-2 at 62.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a), this case was referred to United States Magistrate Judge James E. Seibert. Both parties

filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report and recommendation. In that recommendation, the judge recommended that the plaintiff's motion for summary judgment be denied and the defendant's motion for summary judgment be granted. The plaintiff filed timely objections to the report and recommendation.

## II. Applicable Law

Because the plaintiff timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is

supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)).

The plaintiff argues in her motion for summary judgment that the ALJ's decision is not supported by substantial evidence. First, the plaintiff contends that, because the ALJ found that the plaintiff had the diagnostic criteria of "abnormal behavior" at step two of the five-step evaluation, the ALJ erred by finding the plaintiff did not meet the criteria for "abnormal behavior" in step three. ECF No. 9-1 at 6. Second, the plaintiff argues that the ALJ erred by selectively using evidence, specifically that "[t]he ALJ selectively cited the March 2014 evaluation date to characterize the whole record as showing no 'abnormal behaviors.'" ECF No. 9-1 at 10. Further, the plaintiff contends that the ALJ improperly cited the plaintiff's lack of psychiatric hospitalizations or legal problems, neither of which are requirements to be found to have a disability. Thus, the plaintiff argues that the ALJ substituted her own medical judgment in order to reach the conclusion that the plaintiff is not disabled.

The defendant responds to the plaintiff's arguments in its motion for summary judgment. First, the defendant argues that step three of the five-step evaluation is a higher standard than

4

demonstrating a disability at other steps, and that the plaintiff has failed to meet her burden to show that she satisfies the requirement of a listed impairment. Second, the defendant argues that the plaintiff has not raised a reversible error. The defendant argues that "the ALJ was entitled to rely on [the March 2014 evaluation] notes because these are the only notes from a 'treating' mental health professional during the relevant period." ECF No. 11 at 14-15. The defendant argues that the ALJ's consideration of the lack of psychiatric hospitalizations and legal problems are not an error because the ALJ "is entitled to rely not only on what the record says, but also on what it does not say." ECF No. 11 at 15 (citing Ferrell v. Astrue, No. 3:11-CV-00503, 2012 WL 4378131 at *13 (S.D. W. Va. June 22, 2012)). Further, the defendant contends that, even if this was an error on the part of the ALJ, the ALJ still relied on sufficient evidence and thus any error was harmless.

In response, the plaintiff argues that the ALJ considered evidence from before the period in question, and that by doing so caused a "de facto re-opening" of the plaintiff's prior claim. The plaintiff further contends that because the ALJ opened the door to evidence prior to April 25, 2013, the ALJ erred by not addressing evidence of abnormal behavior from before that date.

In his report and recommendation, the magistrate judge found that the ALJ's findings were supported by substantial medical evidence. First, the magistrate judge noted that the standard used

5

in step three of the five-step evaluation is a higher standard than step two; step two is only a <u>de minimus</u> screening that does not automatically result in a finding of disability. The standard in step three, in contrast, is "demanding and stringent." ECF No. 13 at 6. Second, the magistrate judge found that the ALJ relied on substantial evidence in finding that the plaintiff did not have abnormal behavior patterns. Accordingly, the magistrate judge found that the "the ALJ's decision complied with the applicable law and regulations." ECF No. 13 at 8. Thus, the magistrate judge recommended that the plaintiff's motion for summary judgment be denied and the defendant's motion for summary judgment be granted.

The plaintiff timely filed objections. In her objections, the plaintiff again argues that "[t]he ALJ has not bridged the gap from [s]tep 2 findings showing 'abnormal behavior' to [s]tep 3 where the ALJ finds 'no abnormal behavior,'" and that "[t]he ALJ's discordant conclusions require remand." ECF No. 14 at 3. The plaintiff contends that the magistrate judge's argument that step three of the five-step evaluation is "demanding and stringent" is contradicted by Fourth Circuit precedent which requires this Court to reasonably construe provisions of the Social Security Act in favor of one seeking benefits. ECF No. 14 at 2 and n.1 (citing <u>Cunningham v. Harris</u>, 658 F.2d 239, 242-3 (4th Cir. 1981)). Second, mirroring her previous argument, the plaintiff argues that

6

the magistrate judge selectively cited evidence to support his findings.

On de novo review, this Court first finds that the magistrate judge is correct that the bar for finding an impairment to be severe at step two is different from the bar for finding that a claimant meets a listed impairment under step three. Whereas "the step two inquiry is a de minimis screening device to dispose of groundless claims," the inquiry for finding that a listing is met in step three is more demanding. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); see also Falco v. Shalala, 27 F.3d 160 (5th Cir. 1994). Thus, this Court agrees with the magistrate judge that a determination at step two that a claimant's condition is severe does not guarantee a finding that the same condition meets a listed impairment at step three.

Second, this Court agrees with the magistrate judge the ALJ's decision is supported by substantial evidence. The ALJ found that the plaintiff did not meet or medically equal listing 11.07 because she did not have abnormal behavior patterns. In reaching that finding, the ALJ properly and thoroughly discussed each piece of evidence on the record, including how much weight she gave to each piece of evidence and why. For instance, the ALJ explained that she did not give much weight to Robert McCullough's evaluation of the plaintiff because Mr. McCullough is not a psychiatrist or medical doctor, and his findings were more severe than those of the

7

other examining sources. ECF No. 7-2 at 59-60. On the other hand, the ALJ gave more weight to Morgan D. Morgan's assessment that described the plaintiff as "relaxed and sociable" and found no evidence of abnormal behavior patterns. ECF No. 7-9 at 8-9. The state agency psychologists' examination also supported the ALJ's finding that the plaintiff did not have abnormal behavior patterns. The state agency psychologists found that the plaintiff's statements about her symptoms were not substantiated by objective medical evidence and concluded that the plaintiff did not suffer from any marked limitations with respect to functioning. ECF No. 7-4 at 21-22. Thus, this Court finds that the ALJ's decision is supported by substantial evidence and that she thoroughly explained her reasoning as to each piece of evidence.

Accordingly, on de novo review, this Court finds that the ALJ's determination should be upheld, as recommended by the magistrate judge.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 13) is AFFIRMED and ADOPTED. Accordingly, the defendant's motion for summary judgment (ECF No. 10) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 9) is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 14) are OVERRULED. It is ORDERED that this

civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 26, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE